IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EUGENE GORMAN**,<br><br>        Plaintiff,<br><br>v.<br><br>**COMPASS GROUP PLC**; **COMPASS GROUP USA, INC**; **EUREST SERVICES, INC.**; **BON APPETIT MANAGEMENT CO.**; and **INTEL CORPORATION**,<br><br>        Defendants. | Case No. 3:25-cv-01327-IM<br><br>**OPINION & ORDER GRANTING DEFENDANT INTEL CORPORATION'S MOTION TO DISMISS** |

J. Randolph Pickett, Kimberly O. Weingart, Kyle T. Sharp, Samantha N. Stanfill, Mayra A. Ledesma, & Juliana B. Minn, Pickett Dummigan Weingart LLP, Centennial Block, Fourth Floor, 210 S.W. Morrison Street, Portland, OR 97204. Peter O. Hansen, Law Offices of Peter O. Hansen, 620 S.W. Fifth Avenue, Suite 604, Portland, OR 97204. Attorneys for Plaintiff.

Nicholas Beyer, Pedro R. Zugazaga, & Patrick C. Wylie, Davis Rothwell Earle & Xochihua, PC, 200 SW Market St., Suite 1800, Portland, OR. Attorneys for Defendant Intel Corporation.

**IMMERGUT, District Judge.**

    Plaintiff Eugene Gorman ("Plaintiff") is a chef who worked at one of the cafeterias owned by Defendant Intel Corporation ("Intel" or "Defendant"). Plaintiff is suing Defendants

PAGE 1 – OPINION & ORDER GRANTING DEFENDANT INTEL CORPORATION'S MOTION TO DISMISS

Intel and its alleged contractors—Compass Group PLC; Compass Group USA, Inc; Eurest Services, Inc.; Bon Appetit Management Co.—for a fall he suffered at work on Intel's premises. Plaintiff brings two negligence claims for relief. Complaint ("Compl."), ECF 1. The first claim consists of four counts against all Defendants: (1) a common-law negligence claim, (2) an Employer Liability Law ("ELL") negligence claim (not based on Safety Codes), (3) an ELL negligence claim based on Safety Codes, and (4) an Oregon Safe Employment Act ("OSEA") negligence per se claim. *Id.* ¶¶ 1–33. The second claim is a premises liability claim against Intel. *Id.* ¶¶ 34–38.

Before this Court is Defendant Intel's Motion to Dismiss ("Mot."), ECF 9. Intel moves to dismiss Plaintiff's first negligence claim for relief against Intel, which includes Plaintiff's common-law claim, ELL claims, and OSEA claim. Mot., ECF 9 at 4–5. For the reasons below, this Court grants Defendant's motion in full.

## STANDARDS

A court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In evaluating the sufficiency of a complaint, the court must accept as true all well-pleaded material facts in the complaint and construe them in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court need not, however, credit legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678–79. Conclusory allegations are not entitled to the presumption of truth, and "[t]hreadbare recitals of the elements of a cause of action" will not do. *Id.* at 678, 681.

## BACKGROUND

Plaintiff was making a pizza at Intel's Ingredients Café when he tripped over a wrinkled floor mat. Compl., ECF 1 ¶ 4. As he fell, he caught his hands on a wheeled cart, jerking his shoulders upward before he landed on his knees. *Id.* Because of this fall, Plaintiff underwent a surgical rotator cuff repair and attended physical therapy for his injuries. *Id.* ¶ 12.

At the time of the fall, Plaintiff was employed as a chef by Ingredients Oregon. *Id.* ¶ 1(e). Ingredients Oregon is an unregistered entity that operates the Ingredients Café on Defendant Intel's premises. *Id.* ¶¶ 1(e), 4. The ownership of Ingredients Oregon is unknown, but the catering manager of Ingredients Oregon has an Intel email address. *Id.* ¶ 1(e). Intel is not Plaintiff's direct employer. *See generally* Compl., ECF 1. Instead, Intel contracted with one or all of its codefendants to provide food services for Intel's employees. *Id.* ¶ 1.

Plaintiff alleges that the management of Ingredients Café was a "common enterprise" under the control and direction of Defendants, who "(1) retained the right to control the work, including job site safety; (2) had actual control of the work; and/or (3) . . . engaged in such on a common enterprise with Ingredients." *Id.* ¶ 6. Defendants allegedly "acted as owner and overseer of management operations of the cafe" and "retained the right to require additional safety measures and to inspect Plaintiff's work site." *Id.* ¶¶ 7, 22. Plaintiff now seeks over $2.8 million in damages against Defendants. *Id.* at 22.

## DISCUSSION

Defendant Intel moves to dismiss four counts of Plaintiff's first claim of relief for negligence: (1) a common law negligence claim, (2) an ELL negligence claim, (3) an ELL negligence claim based on the violation of safety codes, and (4) an OSEA negligence claim. Mot., ECF 9 at 4–5. Defendant Intel does not challenge Plaintiff's second claim for relief for negligence based on premises liability. *Id.* at 4.

Defendant argues that Plaintiff's common law negligence claim must be dismissed because it is subsumed in his premises liability claim. *Id.* Defendant also argues that Plaintiff cannot maintain claims under the ELL and OSEA because Plaintiff has failed to allege facts that support an employment relationship between Plaintiff and Intel. *Id.* at 4–5. Plaintiff responds that his common law negligence claim is based on Intel's involvement in the operation of Ingredients Café, that Intel is Plaintiff's indirect employer under the ELL and, that Intel is a liable owner under the OSEA. Memorandum in Opposition ("Opp'n"), ECF 11 at 6–14.

This Court agrees with Defendant. First, Plaintiff has failed to allege facts sufficient to support a common law negligence claim based on Intel's involvement in the operation of Ingredients Café. Second, Plaintiff has failed to allege facts sufficient to support its claim that Intel is liable as an "indirect employer" under the ELL. Third, Plaintiff has failed to allege facts that Intel violated any of its duties to Plaintiff under the OSEA. For those reasons, as explained below, the four counts of Plaintiff's first claim must be dismissed.

**A. Common Law Negligence**

A defendant is liable in negligence for harm resulting from his conduct if his conduct "unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." *Fazzolari v. Portland Sch. Dist.,* 303 Or. 1, 17 (1987). This liability can be limited by a "status," "relationship," or "a particular standard of conduct that creates, defines, or limits the defendant's duty." *Id.* Courts in this district applying Oregon law have permitted pleading common law negligence and premises liability claims in the alternative. *Anderson v. Intel Corp.*, No. 20-cv-2138-AC, 2021 WL 1401492, at *3 (D. Or. Apr. 14, 2021); *Kemper v. MWH Constructors, Inc*, No. 21-cv-145-SI, 2021 WL 1914212, at *2 (D. Or. May 12, 2021).

Plaintiff argues that his common law negligence claim is based on Intel's involvement in the operation of Ingredients Café and not just Intel's status as the owner of the premises. Opp'n,

PAGE 4 – OPINION & ORDER GRANTING DEFENDANT INTEL CORPORATION'S MOTION TO DISMISS

ECF 11 at 7. To demonstrate Intel's involvement, Plaintiff alleges that Intel contracted with the other Defendants to provide food services for Intel's employees, Compl., ECF 1 ¶ 1(b), that Defendants "were aware of the working conditions of the food service workers," *id.* ¶ 2, and that the catering manager for Ingredients Café has an Intel email address, *id.* ¶ 1(e).

Plaintiff's factual allegations, however, fail to support an inference, independent from Intel's status as an owner, that Intel was involved in the operation of Ingredients Café. *First*, Plaintiff invokes the existence of contracts but fails to provide any non-speculative detail about the contracts. Plaintiff asks this Court to infer that Intel's contracts allocated safety requirements and provided Intel with some ability to ensure that other defendants complied with those allocations. Opp'n, ECF 11 at 9. Plaintiff is asking this Court to speculate about the contents of the contracts between Defendants. Plaintiff has not provided this court with any concrete factual allegations to infer that Intel had responsibility for Ingredients Café beyond its responsibility as the owner of the premises.

*Second*, Plaintiff's allegation that Defendants were aware of the working conditions of the food service workers is conclusory and not entitled to the presumption of truth. Plaintiff does not allege facts, independent from Intel's status as an owner, that allow this Court to infer that Intel was aware of the working conditions of the food service workers. Plaintiff has not alleged, for example, that Intel employees worked in or oversaw the café. Intel may have known about the use of unsecured floor mats in the kitchen based on its role as the owner of the premises, but that does not support a claim independent of premises liability.

*Third*, the café's managers' Intel email address does not support the inference that Intel played some role in the operations of the café. The two cases Plaintiff cites, *see id.* at 8, are not to the contrary.

PAGE 5 – OPINION & ORDER GRANTING DEFENDANT INTEL CORPORATION'S MOTION TO DISMISS

The first case, *WhiteCryption Corp. v. Arxan Techs., Inc.*, No. 15-cv-754-WHO, 2016 WL 3275944 (N.D. Cal. June 15, 2016), does not suggest that the mere use of another company's email domain is sufficient to state a negligence claim against that company. There, the court considered a subsidiary's use of the parent company's email addresses in holding that Plaintiff had not sufficiently alleged alter ego or agency liability. *Id.* at *8–11. The Court reasoned that the subsidiary's use of the parent company's email addresses was evidence of involvement in day-to-day operations, but it was not sufficient to show pervasive and continual control required to disregard the corporate form. *Id.* at 11. This Court agrees that the use of another company's email address can be evidence of involvement, but the allegation alone does not support the inference that Intel or its employees were responsible for the conditions of the café where Plaintiff worked.

The second case, *Rankin v. PTC All. LLC*, No. 21-1321, 2022 WL 3447307 (W.D. Pa. Aug. 17, 2022), relied on far more detailed allegations to find that the plaintiff sufficiently alleged "joint employer liability" under the Fair Labor Standards Act of 1983. *Id.* at *4. There, Defendants "participated in weekly conference calls," attended "management meetings regarding personnel mattes and operations," "rejected a proposal for employee wellness benefits and, most critically, were involved in and approved the decision to terminate [the plaintiff]." *Id.* These allegations far exceed the mere use of another company's email address or contracting for another company's services. *Rankin*, therefore, does not move the needle.

Plaintiff has failed to allege facts to support its theory that Intel was involved in the operations of Ingredients Café on any basis independent from Intel's status as the premises owner. This Court, therefore, must dismiss his common law negligence claim.

## B. Employer Liability Law

The ELL "imposes a heightened statutory standard of care on a person or entity who either is in charge of, or responsible for, any work involving risk or danger." *Tozer v. Katerra Constr. LLC*, 344 Or. App. 204, 213–14 (2025). In other words, the owner must be an "indirect employer." *Yeatts Whitman v. Polygon Nw. Co.*, 360 Or. 170, 179 (2016). Under the ELL, an "indirect employer" can be liable if they (1) are "engaged with the plaintiff's direct employer in a 'common enterprise'; (2) retain "the right to control the manner or method in which the risk-producing activity was performed; or (3) actually control the manner or method in which the risk producing activity is performed." *Woodbury v. CH2M Hill, Inc.*, 335 Or. 154, 160 (2003). (citation modified). "[L]iability is triggered if any of [the] three *disjunctive* tests is satisfied." *Brown v. Boise-Cascade Corp.*, 150 Or. App. 391, 396 (1997).

"Common enterprise" liability requires that "both employees of the defendant and employees of the direct employer of the plaintiff have intermingled duties and responsibilities in performing the risk-creating activity" or that "equipment that the defendant controls is used in performing that activity." *Yeatts*, 360 Or. at 180. "Right to control" liability requires "some source of legal authority" that the defendant "'retained the right to control' the pertinent risk-producing activity" or some other basis "from which a retained right of control can be inferred." *Id.* at 184 (citation omitted). "Actual control" liability requires that the defendant "exercised actual control over the manner or method in which the risk-producing activity . . . was performed." *Id.* at 182 (quoting *Woodbury*, 335 Or. at 163).

Here, most of Plaintiff's allegations regarding Intel's responsibility for Ingredients Café are conclusory. Plaintiff alleges that the management of Ingredients Café was a "common enterprise" under the control and direction of Defendants, who "1) retained the right to control the work, including job site safety; 2) had actual control of the work; and/or 3) . . . engaged in

such on a common enterprise with Ingredients." Compl., ECF 1 ¶ 6. Plaintiff also alleges Defendants "acted as owner and overseer of management operations of the cafe" and "retained the right to require additional safety measures and to inspect Plaintiff's work site." *Id.* ¶¶ 7, 22. These allegations are merely threadbare recitals of the legal requirements for demonstrating Defendant is an indirect employer under the ELL, so they are not entitled to the presumption of truth given to well-pleaded factual allegations.

Plaintiff's other factual allegations fail to demonstrate Intel is an indirect employer under the ELL. Plaintiff alleges that Intel contracted with one or more co-defendants to provide food services on its premises for its employees, *id.* ¶ 1(b), and that the catering manager of Ingredients Café has an Intel email address, *id.* ¶ 1(e). These allegations do not provide a basis to infer that Intel has liability as an indirect employer. *First*, these allegations do not show "common enterprise" liability. These allegations do not provide a reasonable inference that Intel's employees have intermingled duties and responsibilities in performing the risk producing activity, which plaintiff describes as "the use of unsecured mats on walking surfaces." *Id.* ¶¶ 20–21. These allegations also do not provide a reasonable inference that Intel controlled the equipment used in that activity.

*Second*, Plaintiff has not shown that Intel had a right to control the risk-producing activity based on the existence of contracts between Defendants and the catering manager's Intel email address. A contract is a source of legal authority, but Plaintiff asks this Court to wholly speculate about the contents of contracts. A contract's existence is not enough to find that Defendant retained the right to control Plaintiff's work. Further, a manager's Intel email address does not create an inference that Intel retained the right to control Plaintiff's work.

*Third,* Plaintiff has not demonstrated that Intel actually controlled the work site where Plaintiff was injured. Neither the existence of a contract nor the catering manager's Intel email address demonstrate that Intel had actual control over the manner or method in which Plaintiff performed his work. Plaintiff has thus failed to allege facts demonstrating that Intel is an indirect employer under common enterprise liability, right to control liability, or actual control liability. Plaintiff has therefore failed to state a claim against Intel under the ELL.

## C. Oregon Safe Employment Act

An owner can be liable under the OSEA when the defendant owner has violated an applicable regulation. *Brown*, 150 Or. App. at 407–08. The regulation underlying the claim must explicitly, or by nature, impose obligations on owners of premises. *Id.* at 408. Where a regulation "by its terms applies only to employers," it cannot support the imposition of OSEA negligence per se liability against an owner. *George v. Myers*, 169 Or. App. 472, 485 (2000). Here, Plaintiff only cites OSEA safety codes that impose obligations on employers. Compl., ECF 1 ¶ 27(a) ("ORS 654.010. Employers to furnish safe place of employment."); *id.* ¶ 27(b) ("29 CFR §1926.20 . . . It shall be the responsibility of the employer"); *id.* ¶ 27(c) ("29 CFR §1926.21 . . . Employer responsibility"); *id.* ¶ 27(d) ("OAR 437-001-0760 . . . Employers' Responsibility"); *id.* ¶ 27(e) ("1910.22 . . . The employer must"); *id.* ¶ 27(f) (same). Because Plaintiff fails to identify any safety codes that impose requirements on owners, Plaintiff has failed to state an OSEA negligence per se claim against Defendant Intel.

## CONCLUSION

Defendant Intel's Motion to Dismiss, ECF 9 is GRANTED in full. Plaintiff's (1) common law negligence claim, (2) Employer's Liability Law negligence claim, (3) Employer's Liability Law negligence claim based on the violation of safety codes, and (4) Oregon Safe Employment Act negligence claim against Intel are DISMISSED with leave to amend. Plaintiff

PAGE 9 – OPINION & ORDER GRANTING DEFENDANT INTEL CORPORATION'S MOTION TO DISMISS

is ORDERED to file an amended complaint that complies with this order within twenty-one (21) days and no later than March 2, 2026.

**IT IS SO ORDERED.**

DATED this 9th day of February, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge